IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT E. MYRICK,
    Plaintiff,

vs.                                Case No.:  3:14cv77/LAC/EMT

OFFICER R.A. MARTIN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, an inmate of the Florida Department of Corrections, commenced this civil rights action on February 12, 2014 (doc. 1).  He is proceeding pro se and in forma pauperis (*see* doc. 4).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below the court recommends that this action be dismissed.

        Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months

earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Ci, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 3–4).[1] Question D of Section IV asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.* at 4). Question D continues, "If so, identify each and every case so dismissed" (*id.*). Plaintiff disclosed Myrick v. Hemphill, Case No. 3:12cv49/MCR/EMT, which this court dismissed prior to service at Plaintiff's request (*id.*). *See* Myrick v. Hemphill, No. 3:12cv49/MCR/EMT, Order (N.D. Fla. June 5, 2012). He also disclosed Myrick v. Sterling, Case No. 3:08cv6/MCR/MD, which this court dismissed prior to service for failure to state a claim (doc. 1 at 4). *See* Myrick v. Sterling, No. 3:08cv6/MCR/MD, Order (N.D. Fla. Feb. 28, 2008). Plaintiff thus stated that at the time he filed the instant case, he had not ever had any other action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "I hereby confirm all true, correct, statements are factual [sic]. I realize the consequence [sic] of perjury." (*id.* at 12).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, February 12, 2014 (*see* doc. 1), he had previously filed Myrick v. Cole, et al., Case No. 3:13cv165/LAC/EMT, in this court. Plaintiff was incarcerated in the Escambia County Jail at the time he filed Case No. 3:13cv165/LAC/EMT.[2] On July 1, 2013, the district court dismissed the case prior to service at Plaintiff's request. *See id.*, Order (N.D. Fla. July 1, 2013). Plaintiff also previously filed Myrick

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

[2] Plaintiff's FDOC inmate number in the instant case (#P00491) is different from his Jail inmate number (#P2022) in Case No. 3:13cv165/LAC/EMT. However, the fact that the plaintiffs are the same person is verified by the fact that Plaintiff disclosed Myrick v. Hemphill, Case No. 3:12cv49/MCR/EMT in the complaints in both cases.

Case No.: 3:14cv77/LAC/EMT

v. McNesby, et al., Case No. 3:06cv78/LAC/EMT, in this court. Plaintiff was incarcerated in the Escambia County Jail at the time he filed Case No. 3:06cv78/LAC/EMT. On July 19, 2006, the district court dismissed the case prior to service at Plaintiff's request. *See id.*, Order (N.D. Fla. July 19, 2006). Plaintiff did not list Myrick v. Cole, et al., Case No. 3:13cv165/LAC/EMT, or Myrick v. McNesby, et al., Case No. 3:06cv78/LAC/EMT in Section IV of the instant complaint, even though both cases qualified as federal court actions that were responsive to Question D, and thus should have been included in Plaintiff's answer to that question.

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[3] *See* Spires v. Taylor, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000). The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff. This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff knew that an accurate disclosure of his litigation history was required and that dismissal of the instant action may result from his untruthful answers to the

---

[3] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera, 144 F.3d at 726.

Case No.: 3:14cv77/LAC/EMT

questions in Section IV of the complaint form.[4]  Yet Plaintiff failed to disclose all of the cases he was required to disclose.  If Plaintiff suffered no penalty for his untruthful response to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[5]  *See* Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Spires, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That this action be **DISMISSED WITHOUT PREJUDICE** as malicious and abusive of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

2.	That the clerk be directed to close this file.

---

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3).

[5] Plaintiff's complaint concerns events that occurred on or after November 1, 2013 (*see* doc. 1 at 5–11), which affords him ample time to re-file his complaint within the four-year limitations period.  *See* City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (statute of limitations for § 1983 claims is governed by forum state's residual personal injury statute of limitations, which in Florida is four years).  Therefore dismissal of this action without prejudice is not tantamount to a dismissal with prejudice.

Case No.:  3:14cv77/LAC/EMT

At Pensacola, Florida, this 28th day of March 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).